# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CHESTER PLAXICO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 272 |
| | ) |
| COUNTY OF COOK, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant County of Cook's (County) motion to dismiss and Defendant Cook County Sheriff Thomas Dart's (Dart), Defendant Salvador Godinez's (Godinez), Defendant Gilberto Romero, Jr.'s (Romero), and Defendant Rosemarie Nolan's (Nolan) (collectively referred to as "Individual Defendants") motion to dismiss. For the reasons stated below, we grant the County's motion to dismiss and we deny Individual Defendants' motion to dismiss.

## BACKGROUND

Plaintiff Chester Plaxico (Plaxico) alleges that he began working for the Cook

County Sheriff's Department (Sheriff's Department) in May of 1986. Plaxico claims that he had an excellent employment history and that he received several promotions while employed by the Sheriff's Department. Plaxico states that in May of 2002, he became a Superintendent.

Plaxico further alleges that in November 2005, he applied for intermittent leave under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*, so that he could care for his son, who suffers from a long-term serious medical condition. Plaxico's FMLA request was allegedly approved and effective as of December 21, 2005. Plaxico and his wife, who is also an employee of the Sheriff's Department, allegedly received a combined total of 12 weeks of intermittent leave for 2006. According to Plaxico, he properly reapplied for intermittent leave to care for his son in 2007 and 2008, and his requests were granted each time.

Plaxico alleges that Romero, who was the Assistant Executive Director of the Department of Corrections, and Godinez, who is currently the Executive Director of the Department of Corrections, "subjected [Plaxico] to unwarranted discipline . . . in retaliation for [] exercising his rights under the FMLA." (Compl. Par. 21). Plaxico also claims that, with the knowledge, consent, and approval of Romero and Dart, Godinez demoted Plaxico to the position of Chief on January 14, 2008, due to Plaxico taking intermittent FMLA leave. In August 2008, Plaxico allegedly filed a

complaint regarding Defendants' alleged FMLA violations with the United States Department of Labor (Labor Department). To minimize his need for intermittent leave, Plaxico allegedly requested a schedule change on many occasions, including on September 15, 2008. On September 25, 2008, allegedly in retaliation for Plaxico's complaint to the Labor Department and his taking intermittent FMLA leave, Godinez allegedly demoted Plaxico to the position of Captain with the knowledge, consent and approval of Romero and Dart.

According to Plaxico, Godinez has allegedly stated at some unspecified time that Plaxico was a "valued employee" and that Plaxico's demotions resulted from Plaxico's "personal 'issues,' which required [Plaxico] to take intermittent leave." (Compl. Par 26). Godinez also allegedly told Plaxico that Plaxico could discuss being promoted again once Plaxico "got his 'family situation' resolved." (Compl. Par. 27). Plaxico alleges that Dart, Godinez, Romero, and Nolan, who is Director of Personnel for the Sheriff's Department, have implemented a policy within the Sheriff's Department of "retaliating and interfering with employees' rights under the FMLA, including by subjecting employees who take FMLA leave to unwarranted scrutiny, placing on 'proof status,' counseling employees not to take FMLA leave, and subjecting them to unwarranted disciplinary actions and demotions." (Compl. Par. 28).

Plaxico alleges that, in spite of being on intermittent FMLA leave, he has worked 45-60 hours per week, and that his requests to substitute compensatory time for FMLA leave have been denied. In addition, Plaxico claims that he reapplied for intermittent FMLA leave in 2009, and that Defendants approved his leave, but specifically limited Plaxico to 5 days of intermittent leave per month, which does not satisfy the medical needs of his son. Plaxico includes in his complaint claims for FMLA interference in violation of 29 U.S.C. § 2615(a)(1) brought against the County, Dart, in his official and individual capacity, Godinez, in his individual capacity, Romero, in his individual capacity, and Nolan, in her individual capacity (Count I) and claims for FMLA retaliation in violation of 29 U.S.C. § 2615(a)(2) and § 2615(b) brought against the County, Dart, in his official and individual capacity, Godinez, in his individual capacity, Romero, in his individual capacity, and Nolan, in her individual capacity (Count II). The County and Individual Defendants have moved to dismiss Plaxico's claims against them.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) (Rule 12(b)(1)) requires a court to dismiss an action when it lacks subject matter jurisdiction. *United Phosphorus, Ltd. v. Angus Chemical Co.*, 322 F.3d 942, 946 (7th Cir. 2003). If the concern of the

4

court or party challenging subject matter jurisdiction is that "subject matter jurisdiction is not evident on the face of the complaint, the motion to dismiss pursuant to Rule 12(b)(1) would be analyzed as any other motion to dismiss, by assuming for purposes of the motion that the allegations in the complaint are true." *Id.*; *see also Ezekiel v. Michel*, 66 F.3d 894, 897 (7th Cir. 1995)(stating that when reviewing a motion to dismiss brought under Rule 12(b)(1), this court "must accept as true all well-pleaded factual allegations, and draw reasonable inferences in favor of the plaintiff"). However, if the complaint appears on its face to indicate that the court has subject matter jurisdiction, "but the contention is that there is *in fact* no subject matter jurisdiction, the movant may use affidavits and other material to support the motion." *United Phosphorus, Ltd.*, 322 F.3d at 946 (emphasis in original). For the purpose of determining subject matter jurisdiction, this court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Ezekiel*, 66 F.3d at 897 (quoting *Capitol Leasing Co. v. Federal Deposit Insurance Corp.*, 999 F.2d 188, 191 (7th Cir. 1993)). The burden of proof in a Rule 12(b)(1) motion is "on the party asserting jurisdiction." *United Phosphorus, Ltd.,* 322 F.3d at 946.

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil

Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court has stated that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

I. County's Motion to Dismiss

The County argues that it is not Plaxico's employer as a matter of law, and that therefore, the claims against the County should be dismissed and the County

should remain in the litigation as an indemnitor only. The FMLA prohibits an employer from interfering with an employee's rights under the FMLA or from discriminating against an employee "for opposing any practice made unlawful under [the FMLA]." 29 U.S.C. § 2615. Plaxico apparently concedes that the County is not Plaxico's employer, but argues that the County's motion should be denied because the County is a necessary party to the litigation.

It is well established that a sheriff is an "independently elected county officer and is not an employee of the county in which the sheriff serves." *Askew v. Sheriff of Cook County, Ill.*, 568 F.3d 632, 636 (7th Cir. 2009)(citations omitted). However, "the office of [a] sheriff is funded by the county, [and a]county is therefore required to pay a judgment entered against a sheriff's office in an official capacity" or any settlement entered into by a sheriff's office in an official capacity. *Carver v. Sheriff of LaSalle County, Illinois*, 324 F.3d 947, 948 (7th Cir. 2003)(citing *Carver v. Sheriff of LaSalle County,* 787 N.E.2d 127, 141 (Ill. 2003)). Thus, under Federal Rule of Civil Procedure 19, "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." *Carver*, 324 F.3d at 948; *see also Robinson v. Sappington*, 351 F.3d 317, 338-39 (7th Cir. 2003)(citing *Carver*, 324 F.3d at 948, and holding that because a county had a financial interest in the outcome of a case, it

was a necessary party to the litigation). Based upon the above, we grant the County's motion to dismiss the claims brought against it, but the County will remain in the litigation solely as an indemnitor to Dart in the event that Dart is found liable in his official capacity.

II. Individual Defendants' Motion to Dismiss

Individual Defendants argue that the FMLA does not provide for individual liability of public employees, and therefore the court lacks subject matter jurisdiction over Individual Defendants or, alternatively, Plaxico has failed to state a claim upon which relief can be granted against Individual Defendants. An "employer" is defined under 29 U.S.C. § 2611(4) as follows:

(A) In general

The term "employer"--

(i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;

(ii) includes--

(I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and

(II) any successor in interest of an employer;

(iii) includes any "public agency", as defined in section 203(x) of this title; and

(iv) includes the Government Accountability Office and the Library of Congress.

(B) – For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

In order to resolve the instant motion, the court must resolve whether 29 U.S.C. § 2611(4)(A)(ii), which provides for individual liability under the FMLA, should be read separately from or in conjunction with 29 U.S.C. § 2611(4)(A)(iii), which indicates that a public agency falls under the definition of an employer under the FMLA. We note that the Seventh Circuit has not directly spoken on whether there is individual liability for public employees under the FMLA, but, as we discuss below, has rejected one Circuit's reasoning for finding that there is no individual liability for public employees under the FMLA. *See Luder v. Endicott*, 253 F.3d 1020, 1022 (7th Cir. 2001)(discussing *Wascura v. Carver*, 169 F.3d 683, 685-86 (11th Cir. 1999)). We also note that there is a split among the Circuits on this issue. However, the majority of courts that have addressed the issue, including the Eighth Circuit, the Fifth Circuit, and three district courts in the Northern District of Illinois, have found that public employees can be individually liable under the FMLA. *See,*

*e.g., Modica v. Taylor*, 465 F.3d 174, 184, 186 (5th Cir. 2006); *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002); *Brunson v. Forest Preserve of Cook County*, 2010 WL 780331, at *7 (N.D. Ill. 2010); *Cooley v. Brd. of Ed. of the City of Chicago*, 2009 WL 2177228, at *1 (N.D. Ill. 2009); *Rasic v. City of Northlake*, 563 F.Supp.2d 885, 889-90 (N.D. Ill. 2008).

Defendants have relied on a Sixth Circuit opinion in support of their position. In *Mitchell v. Chapman*, 343 F.3d 811 (6th Cir. 2003), the Sixth Circuit ruled that 29 U.S.C. § 2611(4)(A)(ii) and 29 U.S.C. § 2611(4)(A)(iii) should be treated separately, thus providing for individual liability of private employees under 29 U.S.C. § 2611(4)(A)(ii) and liability for public agencies under 29 U.S.C. § 2611(4)(A)(iii), but not providing for individual liability of public agency employees. *Id.* at 828-29. In so holding, the Sixth Circuit stated that "[t]hree factors . . . support[ed] this conclusion," and listed as factors the segregation of the clauses, the effect of commingling the clauses on other provisions of the FMLA, and the contrast between the definition of employer under the FMLA and the Fair Labor Standards Act (FLSA). *Id.* at 830. However, we find the Fifth Circuit's holding in *Modica*, 465 F.3d at 186, and the Eight Circuit's holding in *Darby*, 287 F.3d at 681 to be persuasive in resolving the issue before this court.

In reviewing the definition of "employer" under the FMLA, we note that there

is punctuation demonstrating an inter-relationship between the clauses. The em dash following the term "employer" and the use of the conjunction "and" linking 29 U.S.C. § 2611(4)(A)(ii), 29 U.S.C. § 2611(4)(A)(iii), and 29 U.S.C. § 2611(4)(A)(iv) indicates an inter-relationship between the subsections. *See, e.g., Modica*, 465 F.3d at 185, *Rasic*, 563 F.Supp.2d at 890. In addition, 29 U.S.C. § 2611(4)(B) is not rendered superfluous by reading the clauses together because regardless, 29 U.S.C. § 2611(4)(B) "relieves plaintiffs of the burden of proving that a public agency is engaged in commerce." *Modica*, 465 F.3d at 186. Further, reading the statute to impose individual liability on public employees does not necessarily create absurdities. *See Rasic*, 563 F.Supp.2d at 891 (concluding that it would not be "an absurdity for Congress to address, in one statutory section, an event such as successorship that might apply to one type of employer and not to another"). Finally, the definitions of "employer" in FLSA and the FMLA are materially the same, and therefore interpretations of the FLSA can reasonably be used as a guide in construing the FMLA. *See, e.g., Modica*, 465 F.3d at 186; *Wascura*, 169 F.3d at 685-86; *Rasic*, 563 F.Supp.2d at 891; *see also Luder*, 253 F.3d at 1022 (referencing the holding in an FMLA case in the context of analyzing a FLSA claim). The Seventh Circuit has held that public employees are subject to individual liability under the FLSA. *Luder*, 253 F.3d at 1022. Our finding is thus consistent with the indications given by the

Seventh Circuit in *Luder*. 253 F.3d at 1022.

In *Luder*, the Seventh Circuit addressed individual liability of public employees under the FLSA and rejected the Eleventh Circuit's reasoning in *Wascura*, 169 F.3d at 686-87, a case in which the Eleventh Circuit held that the FMLA did not create individual liability for public employees. 253 F.3d at 1022. The Eleventh Circuit reasoned that "a public officer sued in his individual capacity cannot be an employer because it is only in his official capacity that he has authority over the employees' terms of employment." *Luder*, 253 F.3d at 1022 (citing *Wascura*, 169 F.3d at 686-87). The Seventh Circuit stated that such reasoning was faulty because "it would imply that a police officer who used excessive force against a person could not be sued in his individual capacity because it was only by virtue of his office that he had the authority to make the arrest." 253 F.3d at 1022. Therefore, although the Seventh Circuit has not specifically addressed individual liability for public employees under the FMLA, it has rejected the Eleventh Circuit's reasoning for holding that there is no individual liability for public employees under the FMLA. *Id.*

In addition, there is no reason to apply the FMLA differently based on whether an individual is an employee of a public or private entity. As one district court observed, "[t]o be sure, one may debate the utility of subjecting *any* employees

who 'act in the interest of an employer' . . . to individual claims of liability," but "one might conclude that exposing individual supervisors to suit will better encourage compliance with the FMLA, by creating a strong incentive for those who deal most closely with non-supervisory employees to hew to the requirements of the statute." *Rasic*, 563 F.Supp.2d at 891-92 (emphasis added). Accordingly, in the context of the issue of public employee liability under the FMLA in this matter, we find that what is good for the private employee is good for the public employee. Based upon the above, we deny Individual Defendants' motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant the County's motion to dismiss the claims brought against the County, but the County will remain in the instant action as an indemnitor to Dart in the event that Dart is found to be liable in his official capacity. We also deny Individual Defendants' motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 11, 2010